J-S12014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WAJID S. DESHIELDS | |
| Appellant | No. 1526 MDA 2016 |

Appeal from the Judgment of Sentence September 29, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002673-2014

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.               **FILED MARCH 22, 2017**

Appellant, Wajid D. DeShields, appeals from the judgment of sentence entered in the York County Court of Common Pleas, Criminal Division, following his jury trial conviction for delivery of cocaine. We affirm.

On March 28, 2014, Appellant was charged through a criminal complaint with delivery of cocaine,[1] possession with intent to deliver cocaine,[2] and three counts of possession of drug paraphernalia.[3] Following pre-trial proceedings, Appellant's possession with intent to deliver cocaine charge was dismissed and the possession of drug paraphernalia charges

---

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(32).

were severed from the remaining delivery of cocaine charge. Appellant proceeded to a jury trial on the delivery of cocaine charge on. The jury was unable to reach a unanimous verdict causing the trial court to declare a mistrial. Appellant's second trial on the same charge commenced three months later in July 2015.

At trial, the Commonwealth presented the testimony of Officer Adam Bruckhart, Officer Michelle Hoover, Deputy Edward Bowers, Officer Patrick Gartrell, Jesse Coy, and Kevin Real. Officer Bruckhart testified that on February 20, 2014, the York County Drug Task Force arranged a controlled buy between a confidential informant, Real, and Appellant. Real contacted Appellant by cellphone to arrange a delivery of a half-ounce of cocaine at Real's residence. Officer Bruckhart and Deputy Bowers searched Real and his residence for drugs, money or weapons prior to Appellant's arrival, and did not find any drugs or weapons.

Upon Appellant's arrival, the Task Force placed Real under constant surveillance. Officer Bruckhart testified that Real was out of his sight for approximately seven seconds, but that another officer had Real in his sight at that time. Officer Hoover and Officer Gartrell observed Real meet with Appellant, but did not observe the exchange between the parties. Once Appellant left Real's residence, Real turned over a substance that both parties stipulated contained cocaine. The officers searched Real again and found that the money they supplied Real was gone and that no other drugs were found on his person.

Real's testimony corroborated the officers' testimony. Real revealed that he agreed to cooperate with the police in exchange for a reduction in his own sentence. Additionally, he confirmed that the police searched him and his residence before and after his meeting with Appellant. Real testified that he contacted Appellant because he had previously received cocaine from Appellant in the past. Real indicated that upon Appellant's arrival for the drug deal, he walked up to Appellant and shook his hand. During this handshake, Real testified he handed Appellant the police supplied money and Appellant handed him the cocaine Real later turned over to the officers.

Appellant took the stand in his own defense. Appellant alleged that he worked as a "bookie" and met Real that day in relation to Real's gambling debt. Appellant confirmed that he received money from Real, but claimed he did not give Real any drugs.

Coy, an intelligence analyst with the York County District Attorney's Office, confirmed that his review of Appellant's phone revealed text messages that appeared to be gambling bets. However, Coy did not find any text messages from Real to Appellant that suggested Real used Appellant as his bookie.

Following deliberations, the jury convicted Appellant and sentenced him to a term of twenty-one to forty-two months' imprisonment. Appellant

filed post-sentence motions, which the trial court denied. This appeal follows.[4]

Appellant's sole issue on appeal is a challenge to the sufficiency of the evidence. Specifically, Appellant contends that the Commonwealth's evidence was insufficient to demonstrate that Real and Appellant exchanged money for cocaine, rather than payment of a gambling debt. **See** Appellant's Brief, at 3.

A challenge to the sufficiency of the evidence implicates the following principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and

---

[4] Appellant first appealed his judgment of sentence on October 29, 2015. However, Appellant's first appeal to this Court was dismissed in August 2016 due to Appellant's counsel's failure to file an appellate brief. Subsequently, the trial court granted Appellant's petition for reinstatement of his appellate rights *nunc pro tunc*. On September 15, 2016, Appellant filed a notice to appeal to commence the instant appeal.

all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011) (citations omitted).

The Controlled Substance, Drug, Device and Cosmetic Act provides, in relevant part, as follows:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

*****

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act. . . .

35 P.S. § 780-113(a)(30).

After reviewing the testimony presented at trial, we conclude that the jury was entitled to credit Real's testimony that he received cocaine from Appellant in exchange for the police supplied money. Appellant's claim that the money he received from Real was for payment of a gambling debt was clearly rejected by the members of the jury, which was their prerogative. The jury was permitted to believe all, part or none of the evidence presented by Appellant. *See Hansley*, 24 A.3d at 416. We therefore conclude that Appellant is due no relief on this issue.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/2017